# Tab 14

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

| | |
|---|---|
| **MANTIAN ZHU** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   **CASE NO. 2009-16778** |
| | ) |
| **DISH NETWORK, LLC** | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff Mantian Zhu, by Counsel, and files this Memorandum in Opposition to Defendant's Motion for Summary Judgment, stating to the Court as follows:

## INTRODUCTION

"Summary Judgment is a drastic remedy, available only when there are no material facts genuinely in dispute." *Fultz v. Delhaize Am., Inc.*, 278 Va. 84 (2009). In reviewing a Motion for Summary Judgment, the court must accept as true all facts and inferences that are most favorable to the nonmoving party. *Id.* "If the evidence is conflicting on a material point or if reasonable persons may draw difference conclusions from the evidence, summary judgment is not appropriate." *Id.*

In its Motion for Summary Judgment, Defendant asserts that "Plaintiff has no evidence that [Defendant] caused" certain unknown individuals to place phone calls in violation of Va. Code § 59.1-515. Defendant cites none of Plaintiff's Interrogatory Responses nor any other discovery provided by Plaintiff, choosing instead to cite only self-serving answers provided by Defendant in response to Interrogatories. Plaintiff disputes the veracity of Defendant's Interrogatory Responses and is entitled to a trial on the merits of this case.

On January 22, 2010, Plaintiff filed a Complaint alleging that the Defendant, after being specifically instructed not to call Plaintiff, initiated or caused to be initiated forty-four (44) distinct solicitation calls in violation of Va. Code § 59.1-514. Plaintiff alleged that he specifically instructed Defendant not to call in addition to registering his phone number with the National Do Not Call Registry. Defendant now asserts, in its Motion for Summary Judgment, that, despite Defendant's allegation that he received numerous phone calls from individuals attempting to sell Defendant's products and services, Defendant is entitled to judgment as a matter of law based solely upon Defendant's own assertion that the individuals or entities making such phone calls were independent contractors.

Defendant's argument is unavailing and has been previously rejected by the United States District Court for the Central District of Illinois in a substantially similar case. *See, United States v. Dish Network, LLC*, No. 3:09-cv-03073 (C.D.Ill. Nov. 4, 2009).

## ARGUMENT

Defendant is effectively arguing that, because it utilized independent contractors to engage in telemarketing, it did not cause telemarking calls to be initiated in violation of Va. Code § 59.1-514. This argument is misguided. The statute merely requires that the Defendant cause the initiation of the telemarketing calls, the statute does not require proximate cause. The verb 'cause' merely requires the Defendant to engage in some act to produce an effect or result. BLACK'S LAW DICTIONARY 234 (8th ed. 2004). "An action may cause an outcome directly, indirectly, immediately, proximately, remotely or otherwise. The verb 'cause' also does not denote or connote intent or motive. A person may cause an outcome intentionally, unintentionally, recklessly, negligently, innocently, accidentally or otherwise." *United States v. Dish Network, LLC*, No. 3:09-cv-03073 (C.D.Ill. Nov. 4, 2009). Federal regulations in this field of law, like the Virginia Code in this

matter, contain no additional language that "limit the degree of connection between the action and the outcome, or add an intent or motive requirement." *Id*. The federal regulations have been held to "create strict liability for the sellers for the actions of its telemarketers." *Id*. The Virginia Code is no different.

Defendant argues that the Virginia Code § 59.1-514(C) creates an affirmative defense whereby Defendant can avoid liability under Va. Code § 59.1-515. According to the Defendant, it has "established and operated with due care reasonable practices and procedures to effectively prevent telephone solicitation calls." However, Dish Network's own Interrogatory responses belie its ability to effectively assert the affirmative defense of Va. Code § 59.1-514(C). Specifically, Dish Network concedes that it exercised no control or supervision over any independent contractors making telemarketing calls. Thus, Dish Network has failed to operate according its own practices to prevent telephone solicitation calls.[1]

The affirmative defense available under Virginia law is functionally identical to the safe harbor provisions of federal law. Both Va. Code § 59.1-514(C) and 16 C.F.R. § 310.4(b)(3) create a narrow exception to the strict liability of sellers for the actions of its telemarketers. In fact, the requirements of the federal law provide some guidance as to the meaning of the Virginia affirmative defense. Federal law requires that a seller (1) establish written procedures; (2) train its own personnel and any entity assisting in its compliance in such procedures; (3) maintain a list of telephone numbers may not contact; (4) monitor and enforce compliance with such policies and procedures; and (5) establish than any call made in violation was the result of an error. 16 C.F.R. § 310.4(b)(3).

---

[1] Although Dish Network contends that it maintains procedures to prevent telephone solicitation calls, the reasonableness of such procedures is a question of fact that is not appropriate for resolution at the summary judgment stage.

Assuming *arguendo* that the Defendant did not make the calls set forth in the Complaint itself[2], Defendant did, by its own admission, hire outside contractors to engage in telemarketing calls. According to the Defendant, no supervision or control was exercised over the independent contractors. Thus, as a matter of law, the Defendant did not engage in reasonable practices to prevent telephone solicitation calls from being made in violation of Va. Code § 59.1-514. Rather, the Defendant, if its assertions in its Motion for Summary Judgment are correct, willfully ignored the statute, hiring independent contractors to make solicitation calls and then turning a blind eye to the notion of preventing unlawful solicitation calls. A seller who utilizes a third-party telemarketer cannot "shield themselves from liability... by suggesting that a violation was a single act by a 'rogue' telemarketers." Statement of Basis and Purposes for Final Amended Telephone Sales Rule 68 Fed. Reg. 4580 (January 29, 2003); *United States v. Dish Network, LLC*, No. 3:09-cv-03073 (C.D.Ill. Nov. 4, 2009). If Defendant's Motion for Summary Judgment were to be granted, a seller could effectively shield themselves from liability under Virginia law by utilizing third-party telemarketers so long as the seller gave them no direction or guidance.

Moreover, there is no allegation in Defendant's Motion for Summary Judgment that the calls made to Plaintiff were made accidentally or erroneously. Rather, Dish Network argues that it is not liable to Plaintiff because Defendant did not supervise the actions of its telemarketers. This would gut the purpose and language of Va. Code § 59.1-514 and cannot be a correct reading of the statute.

By engaging an independent contractor and failing to instruct them not to call individuals that have indicated a desire not to be contacted, Defendant is attempting to circumvent the clear and

---

[2] Although the Defendant denies making such calls, Plaintiff is continuing to subpoena phone records to determine the entity that actually placed the calls set forth in the Complaint. At this time, Plaintiff can neither accept Defendant's representation that it did not place the calls, nor can Plaintiff dispute such representation.

unequivocal meaning and intent of the Virginia Code. Thus, summary judgment in favor of the

Defendant is inappropriate.

Respectfully submitted,

**MANTIAN ZHU**
By Counsel

Edward Gross, VA Bar # 19676
Jeffrey S. Romanick, VA Bar # 34761
A. Charles Dean, VA Bar #74814
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703)385-9652 (facsimile)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of April, 2010, a true copy of the foregoing Memorandum was sent via electronic and regular mail to the following:

Bradshaw Rost, Esq.
TENENBAUM & SAAS, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815

A. Charles Dean