# Tab 13

**VIRGINIA:**     **IN THE CIRCUIT COURT OF FAIRFAX COUNTY**

| Mantian Zhu | |
|---|---|
| **Plaintiff** | |
| vs. | Civil Action No. CL **2009-16778** |
| | Previous Chancery No. CH _____ |
| Dish Network, LLC | |
| **Defendant** | |

**SERVE:** Mantian Zhu c/o A. Charles Dean, Esq.
Gross & Romanick, PC
3975 University Drive, Suite 410, Fairfax, VA 22030

## FRIDAY MOTIONS DAY – PRAECIPE/NOTICE

**Moving Party:** ☐ Plaintiff  ☑ Defendant  ☐ Other

**Title of Motion:** Motion for Summary Judgment     ☑ Attached  ☐ Previously Filed

**DATE TO BE HEARD:** May 7, 2010     **Time Estimate** (combined no more than 30 minutes): 30 minutes

**Time to be Heard:**
☐ 9:00 a.m. with a Judge     ☐ 9:00 a.m. without a Judge
☑ 10:00 a.m. (Civil Action Cases)  Does this motion require 2 weeks notice? ☑ Yes ☐ No
☐ 11:30 a.m. (DOMESTIC/Family Law Cases) Does this motion require 2 weeks notice? ☐ Yes ☐ No

**Case continued from:** _____ (Date)     **continued to:** _____ (Date)

Moving party will use *Court Call* telephonic appearance:  ☐ Yes  ☑ No

**Judge** _____ must hear this motion because (check one reason below):

☐ The matter is on the docket for presentation of an order reflecting a specific ruling previously made by that Judge.
☐ This Judge has been assigned to this entire case by the Chief Judge; or,
☐ The Judge has advised counsel that all future motions, or this specific motion, should be placed on this Judge's Docket; or,
☐ This matter concerns a demurrer filed in a case where that Judge previously granted a demurrer in favor of demurrant.

**PRAECIPE by:** Bradshaw Rost     Tenenbaum & Saas, P.C.
*Printed Attorney Name/ Moving Party Name*     *Firm Name*

4504 Walsh St., Ste 200, Chevy Chase, MD 20815
*Address*

(301) 961-5300  |  (301) 961-5305  |  27134  |  brost@tspclaw.com
Tel. No.  |  Fax No.  |  VSB No.  |  E-Mail Address (optional)

### CERTIFICATIONS

I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action, pursuant to Rule 4:15(b) of the Rules of the Supreme Court of Virginia; and, I have read, and complied with, each of the Instructions for Moving Party on the reverse side of this form.

*/s/ Bradshaw Rost/*
Moving Party/Counsel of Record

### CERTIFICATE OF SERVICE

I certify on the 23 day of April, 2010, a true copy of the foregoing Praecipe was

☑ mailed ☑ faxed ☐ delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

*/s/ Bradshaw Rost/*
Moving Party/Counsel of Record

CCR-F-10 (April 2010 version)

**VIRGINIA:**
  **IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA**

| | |
|---|---|
| MANTIAN ZHU | : |
| Plaintiff, | : |
| v. | : Case No.: CL 2009-16778 |
| DISH NETWORK L.L.C. | : |
| Defendant. | : |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant DISH Network L.L.C. ("DISH Network"), by and through undersigned counsel, hereby files its Motion for Summary Judgment.

Plaintiff Mantian Zhu alleges that DISH Network caused forty-four (44) telemarketing phone calls to be placed to his phone number 703-281-2885 in violation of the Virginia Telephone Privacy Protection Act, Va. Code Ann. §59.1-510 et. seq. The evidence establishes that DISH Network did not "initiate" these phone calls. Further, there is no evidence that DISH Network "caused" anyone on its behalf to place these alleged phone calls. Moreover, Plaintiff's cause of action brought under Va. Code §59.1-515 is barred by the statutory affirmative defense set forth in Va. Code Ann. §59.1-514(C), which states as follows:

> It shall be an affirmative defense in any action brought under § 59.1-515 or 59.1-517 for a violation of this section that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitation calls in violation of this section, including using in accordance with applicable federal regulations a version of the National Do Not Call Registry obtained from the administrator of the registry no more than 31 days prior to the date any telephone solicitation call is made.

DISH Network had established and operated with due care reasonable practices and procedures to effectively prevent telephone solicitation calls, including using in accordance with federal

2

regulations a version of the National Do Not Call Registry. Plaintiff has no evidence whatsoever which disputes or challenges this dispositive fact. Accordingly, there is no material fact pertaining to this affirmative defense which is in genuine dispute. Therefore, Plaintiff is entitled to summary judgment dismissing Plaintiff's complaint with prejudice.

**WHEREFORE**, Defendant DISH Network L.L.C. respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, and Defendant be awarded its costs and such other relief as is just and appropriate under the circumstances.

**DISH NETWORK L.L.C.**

**BY COUNSEL**

**RESPECTFULLY SUBMITTED**

*[signature]*

Bradshaw Rost, Esq. Bar # 27134
*Tenenbaum & Saas, PC*
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
Tel (301)961-5300
Fax (301)961-5305
Counsel for Defendant

### RULE 4:15(B) CERTIFICATION

**I HEREBY CERTIFY** that in accordance with Va. Civ. Rule 4:15(b) I attempted in good faith with all affected parties in an effort to resolve the subject of the motion without Court action pursuant to Rule 4:15(b) without success, and that I secured Plaintiff's counsel's agreement to May 7, 2010 as the date for the Court to hear this Motion.

*[signature]*
Bradshaw Rost

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Defendant's Motion for Summary Judgment was sent via U.S. Mail, First Class, Postage Prepaid and facsimile on April 23, 2010 to:

A. Charles Dean
Gross & Romanick, P.C.
3975 University Drive
Suite 410
Fairfax, Virginia 22030

_____
Bradshaw Rost

3

VIRGINIA:
    IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

MANTIAN ZHU                          :

        **Plaintiff,**                 :

v.                                    :     Case No.: CL 2009-16778

DISH NETWORK L.L.C.          :

        **Defendant.**               :

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant DISH Network L.L.C. ("DISH Network"), by and through undersigned counsel, hereby files its Memorandum in Support of its Motion for Summary Judgment.

DISH Network delivers Dish Network® brand direct broadcast satellite television products and services throughout the United States. In accordance with the terms of its standardized Retailer Agreement, DISH Network authorizes retailers, as independent contractors, to advertise, promote and solicit orders for Dish Network® brand programming and to install and activate the necessary satellite television equipment. These retailers, however;

> [A]re independent contractors and DISH Network has no control or supervision over any telemarketing efforts the independent contractors may conduct, except that the retail agreements between DISH Network and the independent third party retailers expressly provide that the retailer have an affirmative obligation to comply with the National Do Not Call Registry and any applicable state law and a violation of this affirmative prohibition by a retailer would be a breach of their retail agreement with DISH Network.

(See Answer to Interrogatory No. 2 attached hereto as Exh. No. 1).

Plaintiff Mantian Zhu ("Zhu") alleges that DISH Network caused forty-four (44) telemarketing phone calls to be placed to his phone number 703-281-2885 in violation of the Virginia Telephone Privacy Protection Act, Va. Code Ann. §59.1-510 et. seq. Zhu alleges that

these phone calls came from three separate phone numbers.[1] Plaintiff's claim for damages under §59.1-515 is predicated upon establishing a violation by DISH Network of §59.1-514(A) which states that: "No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number when a person at such telephone number previously has stated he does not wish to receive a telephone solicitation call made by or on behalf of the person on whose behalf the telephone solicitation call is being made." A "telephone solicitor" is defined as "any person who makes, or causes another person to make, a telephone solicitation call." §59.1-510.

Zhu alleges that he received forty-four (44) telemarketing phone from "telephone solicitors" who "were acting as agents" of DISH Network. See Complaint at ¶4; ¶5. Although Zhu alleges that the 44 phone calls originated from 3 different phone numbers, there has been no evidence adduced during discovery establishing who owned those 3 phone numbers or that the unknown and unidentified callers who allegedly placed the 44 phone calls from these 3 phone numbers were authorized agents acting on behalf of DISH Network. As established in discovery, DISH Network neither owns nor leases those phone numbers. (See Answer to Interrogatory No. 9 attached hereto as Exhibit No. 1.) Thus, there is no dispute that DISH Network employees did not "initiate" these alleged phone calls. Nor did DISH Network hire or contract with any third party for telemarketing purposes who made these phone calls, and thus, did not "cause" anyone to make the calls on its behalf. (See Answer to Interrogatory No. 2 attached hereto as Exhibit No. 1.)[2] Accordingly, DISH Network was not a telephone solicitor under §59-1-510 since it did not make the calls, nor did it cause anyone to make the phone calls.

---

[1] These three numbers are identified by Zhu as follows: (i) 972-591-0694 – 28 calls; (iii) 407-409-7497 – 12 calls; and (iv) 718-690-9685 – 4 calls.

[2] The outside vendors "retained by DISH Network to provide telemarketing services directly on behalf of DISH Network comply with the National Do Not Call Registry and the four phone numbers identified by Plaintiff from

2

Thus, assuming the 44 phone calls were made, they could only have come from an independent retailer, or some unknown third party either acting on its own without any authority from DISH Network or retained by some unidentified independent retailer. Plaintiff has no evidence that DISH Network "caused" these unknown individuals to place these 44 alleged phone calls or that these unknown individuals were authorized agents of DISH Network. However, even if one wishes to assume *arguendo* that DISH Network qualifies as a "telephone solicitor" (which it does not), the dispositive point is that Plaintiff's claim is barred by the affirmative defense in Va. Code Ann. §59.1-514(C). In its Answer to the Complaint, DISH Network pled this affirmative defense as follows:

> DISH Network submits that Plaintiff's cause of action is barred due to the fact that DISH Network has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitation calls in violation of the Virginia Telephone Privacy Protection Act, including using in accordance with applicable federal regulations a version of the National Do Not Call Registry obtained from the administrator of the registry as required by Va. Code §59.1-514(C).

In discovery, Plaintiff propounded Interrogatory No. 1 which required DISH Network to "state all facts which support your contention that Defendant did not violate the provisions of the Virginia Telephone Privacy Act as alleged in the Complaint filed in the above-styled action." DISH Network's response sets forth in detail the procedures and policies established and implemented by DISH Network, which clearly satisfy the standards of the affirmative defense under §59.1-514(C). The entire Answer reads as follows:

> Subject to and without waiving the foregoing objections or the general objections, DISH Network states that, assuming *arguendo* that the phone calls were made to phone number 703-281-2885 as alleged by Plaintiff between July 27, 2009 and July 30, 2009, DISH Network specifically denies that it caused the phone calls to be made and denies that it had any responsibility for the

---

where the alleged phone calls were made do not belong to, are not leased by, and not registered with any outside company retained by DISH Network for such telemarketing services." See Answer to Interrogatory No. 2, page 6.

phone calls being placed, or that it participated in any manner in having the alleged phone calls placed to the Plaintiff.

The unidentified individuals who allegedly called Plaintiff as referred to in Plaintiff's Answers to Interrogatories No. 3 and 4 were not agents of DISH Network, were not authorized by DISH Network to make the alleged phone calls, and DISH Network did not cause those unidentified individuals to make the alleged phone calls. The three phone numbers identified by Plaintiff in his answer to Interrogatory No. 2 are not phone numbers which belong to or are used by DISH Network or any authorized agent of DISH Network for telemarketing purposes.

At the time the alleged phone calls where made between July 27, 2009 and July 30, 2009, DISH Network had in place a "Do-Not-Call Policy" promulgated and adopted by DISH Network in accordance with *The Telemarketing Sales Rule of 2003*, and *Telephone Consumer Protection Act of 1991*, and *The Telemarketing and Consumer Fraud and Abuse Prevention Act of 1994*, and *Accompanying Regulations*. (A true and accurate copy of this Do-Not Call Policy is attached hereto as Exhibit A). In furtherance of that Do-Not-Call Policy, DISH Network maintains an internal database of Do-Not-Call phone numbers which list is updated by "scrubbing" the internal list against the National Do-Not-Call Registry (and any applicable state list) to ensure that any listed numbers are added to DISH Network's internal database of Do-Not-Call phone numbers. DISH Network contracts with an independent third party, Possible Now, Inc., to obtain all state and National Do-Not-Call lists from the administrator of the registry in accordance with all applicable regulations. This information is integrated into the database maintained by DISH Network which database identifies all phone numbers placed on the state and National Do-Not-Call Registry. A review of that information shows that phone number 703-281-2885 was added to the National Do Not Call Registry on September 7, 2003, and thus was subsequently added to DISH Network's internal Do Not Call list prior to July 27, 2009.

Employees of DISH Network are unable to place any telemarketing calls to phone numbers appearing on the DISH Network Do-Not-Call list when those numbers have been scrubbed against the National and State Do Not Call Lists. Those employees do not use an actual phone that they dial to place calls, but rather use a computerized dialer that dials and routs the calls. The process of "scrubbing" the internal database maintained by DISH Network against the information contained in any state and the National Do-Not-Call lists provided by Possible Now, Inc. results in any phone numbers appearing on the Do-Not-Call lists being removed from the dialing list used by the computerized dialer and it is physically impossible for a DISH Network employee making telemarketing calls to call a number that is not contained on the list used by the dialer.

> As noted above, DISH Network utilizes a computerized telephone system to place outbound telemarketing calls. All of DISH Network's outbound telemarketing calls are logged in this computerized system. The DISH Network's computerized telephone system saves electronic records of outbound telemarketing calls that can be searched by telephone number in order to produce a report that identifies if a telephone number has been called by DISH Network and, if so, the date, time and other information concerning such call. The records maintained in the DISH Network's computerized telephone systems establishes that the last phone call placed by DISH Network to telephone number 703-281-2885 was on August 1, 2006 at 11:49 a.m. and that call was pertaining to an account for DISH Network® service opened in the name of Yi Wang for service at the address of 11007 Langton Arms Court, Oakton, Virginia 22124. (A true and correct copy of DISH Network's computerized telephone record is attached hereto as Exhibit B.)
>
> Thus, DISH Network maintains in accordance with applicable federal regulations a version of the National Do-Not-Call Registry, and this internal DISH Network Do-Not-Call Registry was updated to include telephone number 703-281-2885 more than 31 days prior to July 27, 2009. As such, DISH Network had established reasonable practices and procedures to effectively prevent telephone solicitation calls in violation of the Virginia Telephone Privacy Protection Act prior to July 27, 2009. Further, as discussed below in the Answer to Interrogatory No. 2, the retailers who are authorized to solicit orders for DISH Network® service are independent contractors who are prohibited by their contracts with DISH Network from making telemarketing calls in violation of any Do Not Call lists.

(See Exh. No. 1). These uncontested facts clearly satisfy the legal standard for the statutory affirmative defense under Va. Code §59.1-514(C). Accordingly, even assuming *arguendo* (and incorrectly) that the DISH Network "caused" these 44 alleged phone calls to be placed by a rogue Independent Retailer in violation of its Retailer Agreement, or some unknown third party either acting on its own without authority or retained by an Independent Retailer, DISH Network is exonerated from any liability by virtue of the affirmative defense.

**WHEREFORE**, Defendant DISH Network L.L.C. respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, and Defendant be awarded its costs and such other relief as is just and appropriate under the circumstances.

5

DISH NETWORK L.L.C.

BY COUNSEL

RESPECTFULLY SUBMITTED

_____
Bradshaw Rost, Esq. Bar # 27134
*Tenenbaum & Saas, PC*
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
Tel (301)961-5300
Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Defendant's Motion for Summary Judgment was sent via U.S. Mail, First Class, Postage Prepaid and facsimile on April 23, 2010 to:

A. Charles Dean
Gross & Romanick, P.C.
3975 University Drive
Suite 410
Fairfax, Virginia 22030

_____
Bradshaw Rost