# EXHIBIT 1

**VIRGINIA:**
        IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

MANTIAN ZHU                          :
                                     :
            Plaintiff,               :
                                     :
v.                                   :        Case No.: CL 2009-16778
                                     :
DISH NETWORK L.L.C.                  :
                                     :
            Defendant.               :
_____  :

## EXHIBIT NO. 1 TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


Defendant's Answers to Plaintiff's First Set of Interrogatories


                            DISH NETWORK L.L.C.

                            BY COUNSEL

RESPECTFULLY SUBMITTED

Bradshaw Rost, Esq. Bar # 27134
*Tenenbaum & Saas, PC*
4504 Walsh Street, Suite 200
Chevy Chase, MD  20815
Tel (301)961-5300
Fax (301)961-5305
Counsel for Defendant

VIRGINIA:
    IN THE CIRCUIT COURT FOR FAIRFAX COUNTY, VIRGINIA

MANTIAN ZHU                          :
                                     :
            Plaintiff,               :
                                     :
v.                                   :        Case No.: CL 2009-16778
                                     :
DISH NETWORK L.L.C.                  :
                                     :
            Defendant.               :
_____ :

### DEFENDANT'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

    Defendant DISH Network L.L.C., by and through its counsel, hereby serves its Answers to Plaintiff's First Set of Interrogatories.

### GENERAL OBJECTIONS

    1.    Defendant DISH Network L.L.C. ("DISH Network") objects to Plaintiff's First Set of Interrogatories to Defendant DISH Network L.L.C. ("Plaintiff's Interrogatories") to the extent Plaintiff's Interrogatories exceed the scope of permissible discovery under the applicable rules of civil procedure. DISH Network will only provide materials that are relevant to the claims asserted in this action.

    2.    DISH Network objects to Plaintiff's Interrogatories to the extent Plaintiff's Interrogatories seek discovery from DISH Network that is protected by a privilege or other protection, including without limitation, the attorney-client privilege or work product doctrine. DISH Network will not produce any materials that are protected from discovery by a privilege or other protection.

1

3.   DISH Network objects to Plaintiff's Interrogatories to the extent Plaintiff's Interrogatories are unreasonably cumulative or duplicative, or the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

4.   DISH Network objects to Plaintiff's Interrogatories to the extent the burden or the expense of the proposed discovery outweighs its likely benefit.

5.   DISH Network objects to Plaintiff's Interrogatories to the extent they call for a response regarding "any" or "all" facts, information, or documents as overly broad and unduly burdensome.

6.   DISH Network objects to Plaintiff's Interrogatories to the extent Plaintiff's Interrogatories seek discovery that is outside of DISH Network's possession, custody, or control. DISH Network will produce only those non-privileged documents and things that are relevant to the claims and defenses asserted in this action and within DISH Network's possession, custody, or control.

7.   Where, in an answer, DISH Network states that its response is subject to and without waving objections, it means that a reasonable effort will be made to understand and respond to the request by providing relevant information without producing or disclosing information which is privileged or which is subject to some other objection.

8.   In providing any information or documents in response to Plaintiff's Interrogatories, DISH Network preserves, and does not waive, any objections or other challenges as to the competency, relevancy, materiality, privilege, or admissibility of evidence as to any document or information identified or produced hereunder.

9.   DISH Network reserves its right to supplement its answers to Plaintiff's Interrogatories as information becomes available to it.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

*1.     State all facts which support your contention that Defendant did not violate the provisions of the Virginia Telephone Privacy Protection Act as alleged in the Complaint filed in the above-styled action.*

**ANSWER:**

DISH Network objects to Interrogatory No. 1 on the grounds that it is vague, ambiguous and overly broad.  DISH Network further objects to Interrogatory No. 1 on the grounds that discovery in this matter is continuing and DISH Network specifically reserves its right to supplement this response as new information may become available to it.

Subject to and without waiving the foregoing objections or the general objections, DISH Network states that, assuming *arguendo* that the phone calls were made to phone number 703-281-2885 as alleged by Plaintiff between July 27, 2009 and July 30, 2009, DISH Network specifically denies that it caused the phone calls to be made and denies that it had any responsibility for the phone calls being placed, or that it participated in any manner in having the alleged phone calls placed to the Plaintiff.

The unidentified individuals who allegedly called Plaintiff as referred to in Plaintiff's Answers to Interrogatories No. 3 and 4 were not agents of DISH Network, were not authorized by DISH Network to make the alleged phone calls, and DISH Network did not cause those unidentified individuals to make the alleged phone calls. The three phone numbers identified by Plaintiff in his answer to Interrogatory No. 2 are not phone numbers which belong to or are used by DISH Network or any authorized agent of DISH Network for telemarketing purposes.

At the time the alleged phone calls where made between July 27, 2009 and July 30, 2009, DISH Network had in place a "Do-Not-Call Policy" promulgated and adopted by DISH Network in accordance with *The Telemarketing Sales Rule of 2003,* and *Telephone Consumer Protection*

3

*Act of 1991*, and *The Telemarketing and Consumer Fraud and Abuse Prevention Act of 1994*, and *Accompanying Regulations*. (A true and accurate copy of this Do-Not Call Policy is attached hereto as Exhibit A). In furtherance of that Do-Not-Call Policy, DISH Network maintains an internal database of Do-Not-Call phone numbers which list is updated by "scrubbing" the internal list against the National Do-Not-Call Registry (and any applicable state list) to ensure that any listed numbers are added to DISH Network's internal database of Do-Not-Call phone numbers. DISH Network contracts with an independent third party, Possible Now, Inc., to obtain all state and National Do-Not-Call lists from the administrator of the registry in accordance with all applicable regulations. This information is integrated into the database maintained by DISH Network which database identifies all phone numbers placed on the state and National Do-Not-Call Registry. A review of that information shows that phone number 703-281-2885 was added to the National Do Not Call Registry on September 7, 2003, and thus was subsequently added to DISH Network's internal Do Not Call list prior to July 27, 2009.

Employees of DISH Network are unable to place any telemarketing calls to phone numbers appearing on the DISH Network Do-Not-Call list when those numbers have been scrubbed against the National and State Do Not Call Lists. Those employees do not use an actual phone that they dial to place calls, but rather use a computerized dialer that dials and routs the calls. The process of "scrubbing" the internal database maintained by DISH Network against the information contained in any state and the National Do-Not-Call lists provided by Possible Now, Inc. results in any phone numbers appearing on the Do-Not-Call lists being removed from the dialing list used by the computerized dialer and it is physically impossible for a DISH Network employee making telemarketing calls to call a number that is not contained on the list used by the dialer.

4

As noted above, DISH Network utilizes a computerized telephone system to place outbound telemarketing calls. All of DISH Network's outbound telemarketing calls are logged in this computerized system. The DISH Network's computerized telephone system saves electronic records of outbound telemarketing calls that can be searched by telephone number in order to produce a report that identifies if a telephone number has been called by DISH Network and, if so, the date, time and other information concerning such call. The records maintained in the DISH Network's computerized telephone systems establishes that the last phone call placed by DISH Network to telephone number 703-281-2885 was on August 1, 2006 at 11:49 a.m. and that call was pertaining to an account for DISH Network® service opened in the name of Yi Wang for service at the address of 11007 Langton Arms Court, Oakton, Virginia 22124. (A true and correct copy of DISH Network's computerized telephone record is attached hereto as Exhibit B.)

Thus, DISH Network maintains in accordance with applicable federal regulations a version of the National Do-Not-Call Registry, and this internal DISH Network Do-Not-Call Registry was updated to include telephone number 703-281-2885 more than 31 days prior to July 27, 2009. As such, DISH Network had established reasonable practices and procedures to effectively prevent telephone solicitation calls in violation of the Virginia Telephone Privacy Protection Act prior to July 27, 2009. Further, as discussed below in the Answer to Interrogatory No. 2, the retailers who are authorized to solicit orders for DISH Network® service are independent contractors who are prohibited by their contracts with DISH Network from making telemarketing calls in violation of any Do Not Call lists.

2. *List all entities or individuals that provide telemarketing services for or on behalf of Defendant. In your response, include entities and/or individuals that are authorized by Defendant and any entities or individuals that may be independent of Defendant but from whom Defendant accepts subscriptions. Include in your response the complete name and address for all such entities or individuals as well as all phone numbers that the Defendant knows are used by such entities or individuals.*

**ANSWER:**

DISH Network objects to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. DISH Network further objects to Interrogatory No. 2 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to that objection and waiving the same, DISH Network answers as follows.

Any employees of DISH Network who make telemarketing calls must follow the Do-Not-Call Policy established by DISH Network at the time the alleged phone calls were made to Plaintiff. Further, the three phone numbers identified by Plaintiff from where the alleged phone calls were made do not belong to, are not leased by, and are not registered with DISH Network. The primary telephone number used by DISH Network to communicate with subscribers is 1-800-333 DISH (3474). Therefore, nobody from or employed by DISH Network could have made the alleged phone calls to Plaintiff.

The only outside vendors that DISH Network uses for telemarketing purposes during the time frame the alleged calls were made are (i) eCreek, headquartered in Denver; and (ii) PLDT – headquartered in the Philippines. None of the area codes for the three phone numbers identified by Plaintiff are located in Denver or the Philippines. These companies retained by DISH Network to provide telemarketing services directly on behalf of DISH Network comply with the National Do Not Call Registry and the three phone numbers identified by Plaintiff from where the alleged phone calls were made do not belong to, are not leased by, and are not registered with any outside company retained by DISH Network for such telemarketing services.

Any retailers authorized to solicit orders for DISH Network® service are independent contractors and DISH Network has no control or supervision over any telemarketing efforts the independent retailers may conduct, except that the retail agreements between DISH Network and

the independent third party retailers expressly provide that the retailers have affirmative obligation to comply with the National Do Not Call Registry and any applicable state law and a violation of this affirmative prohibition by a retailer would be a breach of their retail agreement with DISH Network. The standard provisions of the retail agreements between DISH Network and its retailers provides in pertinent part in §9.1 that: "Retailer shall comply with all applicable governmental statutes, laws, rules, regulations, ordinances, codes, directives, and orders (whether federal, state, municipal, or otherwise) and all amendments thereto, now enacted or hereafter promulgated (hereinafter "Laws"), and Retailer is solely responsible for its compliance with all Laws that apply to its obligations under this Agreement." A breach of this provision is a default under the standard retail agreement, and authorizes DISH Network to terminate the retail agreement and pursue other remedies under the agreement and applicable law. Further, §11 of the standard retail agreement, entitled "INDEPENDENT CONTRACTOR", states in pertinent part as follows:

> The relationship of the parties hereto is that of independent contractors. Retailer shall conduct its business as an independent contract, and all persons employed in the conduct of such business shall be Retailer's employees only, and not employees or agents of [DISH Network]. . . . Retailer (including without limitation its officers, directors, employees and Permitted Subcontractors) shall not, under any circumstances, hold itself out to the public or represent that its is [DISH Network] or an employee, subcontractor, Affiliate, agent or sub-agent of [DISH Network] or any of its Affiliates or that Retailer is acting or is authorized to act on behalf of [DISH Network] or any of its Affiliates. This Agreement does not constitute any joint venture or partnership. It is further understood and agreed that Retailer has no right or authority to make any representation, warranty, promise or agreement or take any action for or on behalf of [DISH Network].

In order to ensure that the retailers, who are independent contractors, comply with all laws regarding Do-Not-Call lists, §13 of the standard retail agreement, entitled INDEMNIFICATION", require that: "Retailer shall indemnify, defend and hold [DISH

Network] harmless from any [Claims] that arise out, or are incurred in connection with . . . Retailer's lawful or unlawful acts or omissions (or those of any of the Retailer's employees whether or not such acts are within the scope of employment or authority of such employees) relating to the sale, . . . marketing, advertisement, promotion and/or solicitation" of DISH Network® programming.

   *3.     Describe in detail all conversations between Plaintiff and Defendant or its agents from May 6, 2009 to present.   For each conversation, state the date of such conversation, the location of such conversation, the name and complete contact information of the agent of Defendant having such conversation and the substantive detail of each conversation. Sate whether there is a recording or transcription of any such conversation and who currently possesses such recording or transcription.*

   **ANSWER:**

   DISH Network objects to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overly broad and unduly burdensome.  DISH Network further objects to Interrogatory No. 3 on the grounds that, in part, it calls for the disclosure of information protected by attorney client privilege, the work product doctrine, or some other privilege or protection.  DISH Network also objects to Interrogatory No. 3 to the extent that it requests information already in the possession and control of Plaintiff.

   Subject to and without waiving the foregoing objections or the general objections, according to DISH Network's records, on or about May 6, 2009, Plaintiff called DISH Network about receiving solicitation calls and spoke to a customer service representative and a member of DISH Network's Do Not Call Investigation Team. The DISH Network representative confirmed that phone number 703-281-2885 was already on the National Do-Not-Call List and therefore the alleged phone calls identified by Plaintiff could not have been placed or caused by DISH Network. Attached hereto as Exhibit C is a true and correct copy of the "DNC Solution Report"

from Possible Now, Inc. confirming that number 703-281-2885 was placed on the National Do-Not-Call list on September 7, 2003.

As a result of receiving the lawsuit Plaintiff filed against DISH Network in Fairfax County General District Court, Case Number 09-20325 ("Small Claims Case"), Kimberly Berridge, Paralegal, spoke with Plaintiff on the telephone on or about September 18, 2009. Ms. Berridge informed Plaintiff that DISH Network had not placed the calls he was alleging in the Small Claims Case and offered to try and identify the entities placing the alleged calls. A few days later Ms. Berridge called Plaintiff and informed him that the only numbers that DISH Network had been able to identify from the list Plaintiff provided of calls he allegedly received were (1) (703) 622-9242 identified as belonging to ezLocation, a company that, upon information and belief Plaintiff owns and or operates; and (2) (973) 830-1515 identified as being associated with a company by the name of Ned Stevens Gutter Cleaner. DISH does not have recordings or transcriptions of the three conversations detailed above in its possession or control.

*4.   Identify each and every lawsuit or administrative action involving complaints by consumers or governmental agencies for violations [sic] telemarketing laws to which the Defendant has been a party. In your response, include the jurisdiction of the lawsuit, the names and contact information of the parties and the ultimate disposition of the lawsuit. Be sure to specifically list any and all actions prosecuted by the Federal Trade Commission and/or State authorities for violation of the National Do Not Call Registry and/or State telephone privacy protection laws.*

**ANSWER:**

DISH Network objects to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome. DISH Network also objects to Interrogatory No. 4 on the grounds that the information requested in this interrogatory is obtainable from some other source that is more convenient, less burdensome, or less expensive for Defendant. DISH Network further objects to

Interrogatory No. 4 on the grounds that the information sought it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections or the general objections, DISH Network states that it has not been a party to any lawsuits or administrative actions alleging violations of the Virginia Telephone Privacy Protection Act other than actions initiated by Plaintiff.

5.    *Specifically any and all persons answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories, and with respect to each individual, provide a summary of the information provided by such individual.*

ANSWER:

DISH Network objects to Interrogatory No. 5 to the extent that it calls for the disclosure of information protected by attorney client privilege, the work product doctrine, or some other privilege or protection.

Subject to and without waiving the foregoing objections or the general objections: Kimberly Berridge, Paralegal; Brett J. Kitei, Corporate Counsel; and Bob Davis, General Manager of Outbound Operations.

6.    *Identify any expert witness you intend to call in this proceeding and for each expert witness, set forth each expert opinion to be offered, and provide a summary of the grounds and reasons in support of each expert opinion.*

ANSWER:

DISH Network objects to Interrogatory No. 6 on the grounds that discovery in this matter is continuing and DISH Network will provide Plaintiff with a witness list in accordance with the Scheduling Order issued in this matter.

Subject to and without waiving the foregoing objections or the general objections, at this time DISH Network has not yet identified an expert witness that it intends to call in this proceeding.

7. *Identify each witness you intend to call in this proceeding and for each witness, please set forth a summary of the testimony to be presented by each witness.*

**ANSWER:**

DISH Network objects to Interrogatory No. 7 on the grounds that discovery in this matter is continuing and DISH Network will provide Plaintiff with a witness list in accordance with the Scheduling Order issued in this matter.

Subject to and without waiving the foregoing objections or the general objections, at this time DISH Network intends to call a representative of DISH Network to testify about DISH Network's telemarketing policies and adherence with the Virginia Telephone Privacy Protection Act.

8. *Describe your procedure for accepting customer subscriptions from outside vendors. In your response, identify how you monitor compliance with the Do Not Call List, FTC rules and Virginia Code.*

**ANSWER:**

DISH Network objects to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. DISH Network further objects to Interrogatory No. 8 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. In that regard, the procedure for how DISH Network accepts customer subscriptions from outside vendors is not pertinent to the issue of whether DISH Network caused the unidentified individual(s) to make the alleged phone calls from the three phone numbers identified in Plaintiff's Answers to Interrogatories.

Subject to and without waiving the foregoing objections or the general objections, DISH Network states that retailers are responsible for obtaining their own customers in accordance with the terms of the retail agreements. Further, DISH Network conducts its own marketing efforts for customers separate and independent from any marketing efforts performed by independent third party retailers. DISH Network does not share marketing information about potential customers with third party retailers and such information is strictly guarded as a trade secret.

With respect to the second sentence in the interrogatory the information responsive to that question is set forth in response to Interrogatory No. 1 above which answer is incorporated and adopted by reference herein. As stated therein, all independent contractors that are authorized to solicit orders for DISH Network® programming are required pursuant to the terms of their contracts with DISH Network to follow all applicable governmental statutes, laws, rules, regulations, ordinances, codes, directives and orders, including but not limited to all laws regarding telemarketing.

9. *Identify the owner of each of the following phone numbers:*

   a. *(703) 281-2885;*
   b. *(972) 591-0694;*
   c. *(407) 409-7497; and*
   d. *(718) 690-9685.*

**ANSWER:**

DISH Network objects to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. DISH Network further objects to Interrogatory No. 9 on the grounds that the information sought by Plaintiff in this interrogatory is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive for Defendant.

Subject to and without waiving the foregoing objections or the general objections, DISH Network incorporates the responsive portion of its answer to Interrogatory No. 3 above and states further that it does not own or lease the telephone numbers listed in Interrogatory No. 9 nor does it use the telephone numbers listed above for telemarketing purposes.

*VERIFICATION*

*I, BOB DAVIS, being first duly sworn and depose, hereby affirm under penalties that I am an authorized agent for DISH Network L.L.C. and the forgoing information is true and accurate to the best of my information, knowledge and belief.*

Bob Davis, General Manager of Outbound Operations
DISH Network L.L.C.

**AS TO OBJECTIONS.**

**RESPECTFULLY SUBMITTED**

**DISH NETWORK, LLC**
By Counsel

Bradshaw Rost, Esq.
Miriam A. Valoy, Esq.
Tenenbaum & Saas, PC
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
Tel (301)961-5300
Fax (301)961-5305
Counsel for Defendant DISH Network, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the Defendant's Answers to Plaintiff's First Set of Interrogatories was sent via ~~U.S. Mail, First Class, Postage Prepa~~id on February 11, 2010 to: *facsimile and e-mail*

A. Charles Dean
Gross & Romanick, P.C.
3975 University Drive
Suite 410
Fairfax, Virginia 22030

Bradshaw Rost