# Tab 2

**VIRGINIA:**

## THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **MANTIAN ZHU** | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) CASE NO. 2009-16778 |
| | | ) |
| **DISH NETWORK, LLC** | | ) |
| | | ) |
| | Defendant. | ) |

## MOTION TO AMEND CLAIM AND FILE NEW COMPLAINT

**COMES NOW** the Plaintiff, Mantian Zhu, by counsel, and moves this court to allow Plaintiff to Amend the Claim filed in the General District Court and to file a New Complaint in this matter for the reasons set forth in the accompanying Memorandum in support of this Motion. Plaintiff further prays that this Honorable Court enter a Scheduling Order in this matter.

Respectfully submitted,

**Mantian Zhu**
By Counsel

Edward Gross, VA Bar #19676
Jeffrey S. Romanick, VA Bar # 34761
A. Charles Dean, VA Bar #74814
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)

**V I R G I N I A:**

## THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **MANTIAN ZHU** | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) **CASE NO. 2009-16778** |
| | | ) |
| **DISH NETWORK, LLC** | | ) |
| | | ) |
| | Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND CLAIM AND FILE NEW COMPLAINT

**COMES NOW** Plaintiff Mantian Zhu ("Zhu"), by counsel, who moves this Honorable Court to enter an Order granting Plaintiff's Motion to Amend Claim and File New Complaint, and in support thereof states as follows:

1. On September 25, 2009, the Fairfax County General District Court entered Judgment in favor of the Plaintiff in the amount of $5,000.00 plus costs. Defendant appealed the decision of the General District Court on September 30, 2009. Pursuant to Va. Code § 16.1-106, the appeal to this Court is heard *de novo.*

2. Pursuant to Va. Code § 16.1-114.1, in a case where the Defendant has appealed from the Judgment of the General District Court, the Circuit Court is empowered to direct amendments to increase the amount of the claim. Such remedy is to be liberally construed as the ends of justice so require.

3. Moreover, the Court to empowered to direct the Defendant to file an Answer to the amended claim. *Overnight Transp. Co. v. Barnett's, Inc.*, 217 Va. 222 (1976).

4. Allowing an amendment of the claim will not prejudice the Defendant and this is Plaintiff's first request to amend. Consequently, this Motion should be granted. *Khan v. Washington*, 74 Va. Cir. 95 (Alexandria 2007).

WHEREFORE, Plaintiff prays that this Court grant leave to allow Plaintiff to amend his claim, file the Complaint attached hereto as Exhibit "A" and direct the Defendant to file an Answer to the Complaint within 21 days.

Respectfully Submitted

**MANTIAN ZHU**
By Counsel

Edward Gross, VA Bar #19676
Jeffrey S. Romanick, VA Bar # 34761
A. Charles Dean, VA Bar #74814
GROSS & ROMANICK, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was transmitted by facsimile and mailed, postage pre-paid this 12th day of January, 2010 to:

Bradshaw Rost, Esq.
4504 Walsh Street, Suite 200
Chevy Chase, MD
(301) 961-5305 (facsimile)

A. Charles Dean

Z:\Zhu\Motion to Amend.doc

**V I R G I N I A :**

## THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **MANTIAN ZHU** | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) **CASE NO. 2009-16778** |
| | | ) |
| **DISH NETWORK, LLC** | | ) |
| | | ) |
| | Defendant. | ) |

### COMPLAINT

**COMES NOW** the Plaintiff Mantian Zhu ("Zhu" or "Plaintiff"), by counsel, and files this Complaint against the Defendant Dish Network, LLC, ("Dish Nework") on the following grounds:

1.    Plaintiff Zhu is an individual residing in Virginia.

2.    Defendant Dish Network is a Colorado Limited Liability Company authorized to transact business within the Commonwealth of Virginia.

### COUNT I
#### (Violation the Virginia Telephone Privacy Protection Act)

3.    On or about May 6, 2009, Plaintiff specifically instructed Defendant not to call his home telephone number (703-281-2885) with solicitations for services from Defendant. Additionally, Defendant registered his home telephone number on the National Do Not Call Registry.

4.    Between May 6, 2009 and July 31, 2009 when Plaintiff changed his phone number, Plaintiff received at least forty-four (44) distinct phone calls from telephone solicitors offering services from Defendant.  Upon information and belief, Defendant continues to receive phone calls from telephone solicitors offering services from Defendant.



5.      The telephone solicitors were acting as agents of Defendant.

6.      Despite having actual knowledge that Plaintiff did not wish to receive solicitation calls regarding services from Defendant, Defendant willfully directed its agents to continue making solicitation calls to Defendant.

7.      Plaintiff is entitled to recover the sum of $1,500 for each willful solicitation call received in violation of the Plaintiff's express instruction to Defendant to cease solicitation calls.

8.      Additionally, Plaintiff is entitled to recover reasonable attorney's fees and court costs.

**WHEREFORE,** Plaintiff prays for judgment against Defendant in an amount to be proven at trial but no less than the sum of Sixty-Six Thousand Dollars ($66,000), reasonable attorney's fees and costs expended in prosecuting this action, as well as other and further relief as this Court deems appropriate.

Respectfully Submitted

**MANTIAN ZHU**
By Counsel

Edward Gross, VA Bar # 19676
Jeffrey S. Romanick, VA Bar # 34761
A. Charles Dean, VA Bar #74814
Gross & Romanick, P.C.
3975 University Drive, Suite 410
Fairfax, VA 22030
(703) 273-1400 (telephone)
(703) 385-9652 (facsimile)

**V I R G I N I A:**

### THE CIRCUIT COURT OF FAIRFAX COUNTY

| | | |
|---|---|---|
| **MANTIAN ZHU** | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) **CASE NO. 2009-16778** |
| | | ) |
| **DISH NETWORK, LLC** | | ) |
| | | ) |
| | Defendant. | ) |

<u>AGREED ORDER</u>

THIS MATTER based upon Plaintiff's Motion to Amend Claim and File New Complaint.

UPON CONSIDERATION WHEREOF, and based upon the agreement of the parties as evidenced by their signatures below that that Plaintiff's Motion ought to be granted; it is hereby

ORDERED that Plaintiff's Motion to Amend Claim and File New Complaint be GRANTED; and it is further

ORDERED that  Exhibit "A" of Plaintiff's Motion to Amend Claim and File New Complaint be accepted as the Complaint in this matter; and it is further

ORDERED that Defendant Dish Network, LLC shall file an Answer to the Complaint within 21 days of the date of this Order.

ENTERED THIS _____ day of _____, 2010.

_____
JUDGE, FAIRFAX COUNTY CIRCUIT COURT

PAGE ONE OF TWO

I ASK FOR THIS:

A. Charles Dean, VSB #74814
Counsel for Plaintiff


SEEN AND AGREED:

Bradshaw Rost, Esquire
Counsel for Defendant
Miriam A. Valoy, Esq.


PAGE TWO OF TWO

**VIRGINIA:**

## IN THE CIRCUIT COURT OF FAIRFAX COUNTY

_Manhan Zhu_ )
_____ )
**Plaintiff(s)** )
)
**versus** )   Case No. _2009 – 16778_
)
_Dish Network, LLC_ )
_____ )
**Defendant(s)** )

## SCHEDULING ORDER

THE SCHEDULING CONFERENCE was held _____.

After discussing the various issues presented, it was **ORDERED**:

I.   <u>Trial</u>

The trial date is _May 17 2010_ (with a jury) (without a jury).  The estimated length of the trial is _1 day_.

II.   <u>Discovery</u>

The parties shall complete discovery, including depositions, by thirty (30) days before trial; however, depositions taken in lieu of live testimony at trial will be permitted until fifteen (15) days before trial.  "Complete" means that all interrogatories, requests for production, requests for admissions and other discovery must be served sufficiently in advance of trial to allow a timely response at least 30 days before trial.  Depositions may be taken after the specified time period by agreement of counsel of record or for good cause shown, provided however, that the taking of a deposition after the deadline established herein shall not provide a basis for continuance of the trial date or the scheduling of motions inconsistent with the normal procedures of the court.  The parties have a duty to seasonably supplement and amend discovery responses pursuant to Rule 4:1 (e) of the Rules of the Supreme Court of Virginia.  "Seasonably" means as soon as practical.  No provision of this Order supersedes the Rules of the Supreme Court of Virginia governing discovery.  Any discovery motion filed shall contain a certification that counsel has made a good faith effort to resolve the matters set forth in the motion with opposing counsel.

III.   <u>Designation of Experts</u>

If requested in discovery, plaintiff's, counter-claimant's, third party plaintiff's and cross-

1

claimant's experts shall be identified on or before 90 days before trial. If requested in discovery, defendants and all other opposing experts shall be identified on or before sixty (60) days before trial. If requested in discovery, experts or opinions responsive to new matters raised in the opposing parties' identification of experts shall be designated no later than forty-five (45) days before trial. If requested, all information discoverable under Rule 4:1 (b) (4) (A) (1) of the Rules of the Supreme Court of Virginia shall be provided or the expert will not ordinarily be permitted to express any non-disclosed opinions at trial. The foregoing deadlines shall not relieve a party of the obligation to respond to discovery requests within the time periods set forth in the Rules of the Supreme Court of Virginia, including, in particular, the duty to supplement or amend prior responses pursuant to Rule 4:1 (e).

IV.     <u>Dispositive Motions</u>

All dispositive motions shall be presented to the court for hearing as far in advance of the trial date as practical. All counsel of record are encouraged to bring on for hearing all demurrers, special pleas, motions for summary judgment or other dispositive motions not more than sixty (60) days after being filed.

V.      <u>Exhibit and Witness List</u>

Counsel of record shall exchange fifteen (15) days before trial a list specifically identifying each exhibit to be introduced at trial, copies of any exhibits not previously supplied in discovery, and a list of witnesses proposed to be introduced at trial. The lists of exhibits and witnesses shall be filed with the Clerk of the Court simultaneously therewith but the exhibits shall **not** then be filed. Any exhibit or witness not so identified and filed will not be received in evidence, except in rebuttal or for impeachment or unless the admission of such exhibit or testimony of the witness would cause no surprise or prejudice to the opposing party and the failure to list the exhibit or witness was through inadvertence. Any objections to exhibits or witnesses shall state the legal reasons therefore except on relevancy grounds, and shall be filed with the Clerk of the Court and a copy delivered to opposing counsel at least five (5) days before trial or the objections will be deemed waived absent leave of court for good cause shown.

VI.     <u>Pretrial Conferences</u>

Pursuant to Rule 4:13 of the Rules of the Supreme Court of Virginia, when requested by any party or upon its own motion, the court may order a pretrial conference wherein motions *in limine*, settlement discussions or other pretrial motions which may aid in the disposition of this action can be heard.

VII.    <u>Motions *in Limine*</u>

Absent leave of court, any motion *in limine* which requires argument exceeding five (5) minutes shall be duly noticed and heard before the day of trial.

VIII.   Witness Subpoenas

Early filing of a request for witness subpoenas is encouraged so that such subpoenas may be served at least ten (10) days before trial.

IX.   Continuances

Continuances will only be granted by the court for good cause shown.

X.   Jury Instructions

Counsel of record, unless compliance is waived by the court, shall, two (2) business days before a civil jury trial date, exchange proposed jury instructions. At the commencement of trial, counsel of record shall tender the court the originals of all agreed upon instructions and copies of all contested instructions with appropriate citations. This requirement shall not preclude the offering of additional instructions at the trial.

XI.   Deposition Transcripts to be Used at Trial

Counsel of record shall confer and attempt to identify and resolve all issues regarding the use of depositions at trial. It is the obligation of the proponent of any deposition of any non-party witness who will not appear at trial to advise opposing counsel of record of counsel's intent to use all or a portion of the deposition at trial at the earliest reasonable opportunity. It becomes the obligation of the opponent of any such deposition to bring any objection or other unresolved issues to the court for hearing before the day of trial.

XII.   Waiver or Modification of Terms of Order

Upon motion, the time limits and prohibitions contained in this order may be waived or modified by leave of court for good cause shown.

ENTERED this _____ day of _____, 20_____.


_____
                                                                    JUDGE

_____
Counsel for Plaintiff(s)

_____
Counsel for Defendant(s)

Mantian Zhu

_____

**Plaintiff**

**vs.**                                                    Civil Action No. **CL** 2009-16778 _____

Dish Network, LLC                                    Previous Chancery No. **CH** _____

_____

**Defendant**

**SERVE:**

## FRIDAY MOTIONS DAY – PRAECIPE/NOTICE

**Moving Party:** __X__ Plaintiff _____ Defendant _____ Other

**Title of Motion:** Motion to Amend Claim and File New Complaint _____ __X__ Attached _____ Previously Filed

**DATE TO BE HEARD:** 01/22/10 _____ **Time Estimate** (combined no more than 30 minutes): 2 minutes _____

**Time to be Heard:** __X__ 9:00 a.m. **with a Judge** _____ 9:00 a.m. **without a Judge**

_____ 10:00 a.m. (Civil Action Cases) Does this motion require 2 weeks notice? _____ Yes _____ No

_____ 11:30 a.m. (DOMESTIC/Family Law Cases) Does this motion require 2 weeks notice? _____ Yes _____ No

**Case continued from:** _____ **continued to:** _____
(Date)                                            (Date)

**Moving party will use** _Court Call_ **telephonic appearance:** _____ Yes _____ No

**Judge** _____ **must** hear this motion because (check one reason below):
The matter is on the docket for presentation of an order reflecting a specific ruling previously made by that Judge.
This Judge has been assigned to this entire case by the Chief Judge; or,
The Judge has advised counsel that all future motions, or this specific motion, should be placed on this Judge's docket

**PRAECIPE by:** A. Charles Dean _____        Gross & Romanick, P.C. _____
Printed Attorney Name/ Moving Party Name                              Firm Name

3975 University Drive, Suite 410, Fairfax, VA 22030 _____
Address

(703) 273-1400 _____    (703) 385-9652 _____    74814 _____    adean@gross.com _____
Tel. No.                              Fax No.                        VSB No.              E-Mail Address (optional)

### CERTIFICATIONS

☒ I certify that I have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the subject of the motion without Court action, pursuant to Rule 4:15(b) of the Rules of the Supreme Court of Virginia; and,

☒ I have read, and complied with, each of the Instructions for Moving Party on the reverse side of this form)

_____
Moving Party/Counsel of Record

### CERTIFICATE OF SERVICE

I certify on the 12th day of January _____, 2010 _____, a true copy of the foregoing Praecipe was

__X__ mailed __X__ faxed _____ delivered to all counsel of record pursuant to the provisions of Rule 4:15(e) of the Rules of the Supreme Court of Virginia.

_____
Moving Party/Counsel of Record

CCR-E-10 (May 26, 2006 version)