FILED
APR 22 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MANTIAN ZHU, )
)
    Plaintiff, )
)
v. ) Case No.: 1:10-cv-777
)
DISH NETWORK, LLC, )
)
    Defendant. )

### Memorandum Opinion

This case involves telemarketing phone calls Plaintiff Mantian Zhu received in July 2009, where the callers allegedly identified themselves as salespersons representing the Dish Network trying to sell the company's services. Plaintiff Zhu, who was registered on the National Do Not Call registry, alleges that Defendant DISH Network, LLC caused the calls to be made in violation of the Virginia Telephone Privacy Protection Act (VTPPA). VA. CODE ANN. §§59.1-510 to 518 (West 2010). The Act prohibits unwanted telephone solicitation and provides for individual actions against violators including monetary damages and costs. This matter comes before the court on the parties' cross motions for summary judgment (Dkt. Nos. 10 and 13).

The matter is appropriate for summary judgment because there are no material facts in dispute. The question in this case is whether liability for the phone calls can be imputed to the Defendant under the VTPPA, and whether the affirmative defense provided in the act applies to the Defendant. For the reasons explained herein, the Court finds that the VTPPA does not impose strict liability on Dish, and even if the Defendant were to be found responsible for the acts of the callers, the affirmative defense described in the statute protects the Defendant from

1

liability. Therefore, summary judgment is entered in favor of Defendant DISH Network, LLC by order to accompany this Memorandum Opinion.

## Background of the Case

Plaintiff filed a Warrant in Debt against DISH Network, L.L.C. ("Dish") the Fairfax County General District Court, where judgment was entered in favor of the Plaintiff in September 2009. (Plaintiff's Memorandum 1, Dkt. No. 11). In January 2010, Plaintiff filed a complaint in the Fairfax County Circuit Court, alleging violations of the Virginia Telephone Privacy Protection Act. Id. Defendant Dish removed the case to this Court pursuant to 28 U.S.C.§1446(b) after plaintiff filed an Amended Complaint in the Fairfax County Circuit Court, alleging that additional phone calls had been received by the Plaintiff and increasing the damage claim from $66,000.00 to $135,500.00. There is diversity of citizenship between the parties as Plaintiff is an individual and a resident of Virginia, and Defendant is a Colorado corporation with its principal place of business in Colorado. The amount in controversy exceeds $75,000.00. This Court therefore has jurisdiction over the matter under 28 U.S.C. §1332(a).

## Standard of Review

Summary judgment is appropriate under Rule 56, Fed. R. Civ. P., where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 252 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## Facts

This matter can be resolved on summary judgment because there are no facts in dispute that are necessary for the proper resolution of the case. The parties acknowledge that at some time prior to the events giving rise to the suit, Plaintiff specifically instructed Dish not to contact his home telephone number with solicitations for services from Dish. Additionally, Plaintiff registered his home telephone number on the National Do Not Call Registry ("Registry"). Zhu Affidavit at ¶ 2; Defendant's Memorandum in Support of Motion for Summary Judgment, at 7.

Plaintiff does not dispute that Dish did not place the telephone calls itself, nor did the telemarketing companies Dish directly hired make the calls on its behalf. See Plaintiff's Memorandum in Support of Motion for Summary Judgment at ¶5-9. Evidence produced during discovery shows that the telephone numbers from which the offending calls were placed were registered with accounts at iTalk Global. See Plaintiff's Exhibit Dkt. No. 11-5. No evidence before this court suggests any nexus between iTalk Global and the Defendant.

Neither party disputes the fact that Dish authorizes retailers, as independent contractors, to advertise, promote and solicit orders and to install and activate the necessary satellite television equipment for customers to receive Dish service. See Werner Affidavit at ¶5. The parties do not dispute the fact that Dish does not exercise control or supervision over the telemarketing efforts made by the authorized retailers. See Plaintiff's Memorandum in Support of Motion for Summary Judgment at ¶10; Defendant's Memorandum in Support of Motion for Summary Judgment at ¶4. Dish imposes restrictions and obligations in retail agreements, which mandate that the independent third party retailers not engage in any unauthorized telemarketing efforts. Werner Affidavit at ¶6 through ¶10; Retailer Agreement, Exhibit 1 to Werner Affidavit, Dkt. No 16-1.

## Discussion

### The Virginia Telephone Privacy Act Does Not Create Strict Liability for the Conduct of Independent Contractors

The VTPPA does not impose strict liability on defendant Dish Network for the conduct of independent contractors acting as telephone solicitors. The VTPPA prohibits unwanted telephone solicitation. The act states:

> A. No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number when a person at such telephone number previously has stated that he does not wish to receive a telephone solicitation call made by or on behalf of the person on whose behalf the telephone solicitation call is being made. Such statement may be made to a telephone solicitor or to the person on whose behalf the telephone solicitation call is being made if that person is different from the telephone solicitor. Any such request not to receive telephone solicitation calls shall be honored for at least 10 years from the time the request is made.
>
> B. No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200.

Va. Code §59.1-514. Plaintiff claims that the "cause to be initiated" language of the act creates strict liability upon Dish Network for telemarketing violations.

The VTPPA requires that a telephone solicitor must identify himself by first and last name and must identify "the name of the person on whose behalf the telephone solicitation call is being made." Va. Code Ann. § 59.1-512. Plaintiff contends that the identification requirement "creates a presumption that the individual or entity identified by the caller is the entity that caused the call to be initiated." (Plaintiff's Memorandum 7-8, Dkt. No. 11). Plaintiff further contends that once telephone solicitors identify themselves as calling on behalf of a specific entity, "the burden shifts to the entity to prove that it did not cause the calls to be initiated." *Id.*

4

Plaintiff maintains that Dish should be bound by the representations of individual telemarketers because Dish purposely engages independent contractors who are authorized retailers. Plaintiff contends that "because the telephone solicitors identified themselves as calling on behalf of Dish Network, Dish Network is liable for the actions of the telephone solicitors" (Plaintiff's Memorandum 9, Dkt. 11). Defendant responds that Plaintiff's interpretation would result in "a legal standard which holds that if an unidentified and unknown individual, who is neither an employee or authorized agent for the company, places a phone call to…a number on the Do Not Call List…the company will have strict liability for the phone call." (Defendant's Memo, Dkt. No. 14 at 12).

Neither party has submitted any controlling authority to support their respective interpretations of whether the Virginia General Assembly intended the language "cause to be initiated" in Va. Code §59.1-514(A) to create an avenue for strict liability of the variety that a decision in favor of the Plaintiff would require. There is no evidence in the legislative history of the act that Virginia's legislature intended to impose strict liability on a company for the conduct of anyone making a phone call and claiming to represent the company. Nor is there evidence to suggest that the legislature wished to make a company operating in Virginia responsible for proving that it did not make telephone calls alleged to have been made on its behalf.

The analysis of several other districts is instructive in interpreting the meaning of consumer protection statutes related to telephone solicitation with language similar, though not identical, to the VTPPA. An Ohio appellate court found that evidence that a telemarketer mentioned an insurance company's name during a solicitation call, absent evidence that caller or telemarketing firm was authorized to act on behalf of insurance company or pursue business in the company's name, was insufficient to show that telemarketing call was made "on behalf of"

the insurance company. *Charvat v. Farmers Insurance Columbus, Inc.*, 897 N.E.2d 167, 177 (Oh. Ct. App. 10d, 2008). There, the court interpreted the Telephone Consumer Protection Act of 1991, which provides a private right of action to "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" 47 U.S.C.A. § 227(c)(5). The referenced regulations prohibit persons from "initiat[ing] any telephone call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice." 47 C.F.R. § 64.1200(d)(3, 5). In *Charvat*, the party that had in fact placed the telephone solicitation calls was a known entity that had some relationship to the defendant, unlike the present case, where neither party brings evidence which proves or disproves either an agency or an independent contractor relationship with the callers.

The Court of Special Appeals of Maryland, also applying the TCPA, noted that "Neither the statute nor the regulations prescribed thereunder have defined 'initiate.' In providing meaning to this term, we must construe it in its 'ordinary and natural meaning [ ].' *United States v. Herrera*, 29 F.Supp.2d 756, 760 (N.D.Tx.1998) (quotation omitted). We need look no further than to the common dictionary meaning of 'initiate' to interpret this term. 'Initiate' means to 'to begin or to set going ... originate.' Webster's Third New International Dictionary of the English Language, Unabridged 1164 (1986)." *Applestein v. Fairfield Resorts* 2009 WL 5604429, at *5 (Md.App.,2009). The court found that considering the totality of the circumstances, there was sufficient evidence for the trial court to conclude that the defendant did not "initiate" the calls in question when the record contained evidence that the offending calls were made by an independent contractor engaged to conduct telemarketing, and with which defendant Fairfield Resorts had a written contract. The plaintiff in *Applestein* argued that the TCPA imposed a non-

delegable duty on the defendant to ensure that the telemarketing calls of its independent contractors complied with TCPA standards. *Id* at*8, Fn 5. The court found this argument to be without merit. *Id.*

In the case before this Court, the record is devoid of evidence to show a nexus between Dish and the entity that placed the calls to Mr. Zhu. Furthermore, the VTPPA provides a statutory affirmative defense, an even stronger basis than the TCPA from which we must reject Zhu's argument that Dish should be liable for telephone solicitation calls made, if associated at all with Dish, by an independent third party retailer. Even assuming that an independent contractor or agency relationship could be shown, Defendant prevails because it has shown that it is entitled to use the affirmative defense offered under the VTPPA.

**Defendant is Entitled to the Affirmative Defense Set forth in the Virginia Telephone Privacy Act**

Even if the VTPPA were to be interpreted as imposing strict liability upon a Defendant for any telephone solicitation call purported to have been made on the Defendant's behalf, Dish prevails because the act provides an affirmative defense that Dish has properly invoked. The VTPPA permits a defense if the alleged violator has established reasonable practices and procedures to prevent actions in violation of the privacy act, including procedures in accordance with the National Do Not Call Registry and/or federal regulations:

> It shall be an affirmative defense in any action brought under § 59.1-515 or 59.1-517 for a violation of this section that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitation calls in violation of this section, including using in accordance with applicable federal regulations a version of the National Do Not Call Registry obtained from the administrator of the registry no more than 31 days prior to the date any telephone solicitation call is made.

7

Va. Code Ann. §59.1-514(C)(West 2010). Plaintiff argues that Dish is not entitled to the defense because Dish specifically concedes that it exercised no control or supervision over any independent contractors making telemarketing calls.

Dish responds citing its independent contractor agreement, which specifically places a duty on independent contractors to comply with telemarketing laws. Dish Network's independent contractor retail agreement prohibits telemarketers, even when selling Dish products, to represent to consumers that they are calling on behalf of Dish. (See Standard Retail Agreement §11, Defendant's Exhibits, Dkt. No 16-1).

This Court finds that the Defendant's failure to require its independent contractors to keep track of telephone numbers from which solicitation calls may have been initiated is not fatal to asserting the affirmative defense. It would not change the analysis in this matter. The independent contractor agreement prohibiting calls to individuals on the Do Not Call Registry constitutes a "reasonable practice[] and procedure[] to effectively prevent telephone solicitation calls in violation of this section" Va. Code Ann. §59.1-514(C) to permit the affirmative defense to be invoked.

## Conclusion

For the foregoing reasons, summary judgment is granted in favor of the defendant DISH Network, L.L.C.

April 22, 2011
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

8